UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

LARRY JACKSON,

    Plaintiff,

v.                                CIVIL ACTION NO. 5:25-cv-00057

UNITED STATES OF AMERICA,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the Government's Motion to Dismiss the Second Amended Complaint, or, in the Alternative, for Summary Judgment [ECF 11], filed May 16, 2025. Plaintiff Larry Jackson filed a response in opposition [ECF 13] on May 23, 2025, and the Government timely replied [ECF 15]. The matter is ready for adjudication.

**I.**

In November 2008, Mr. Jackson pleaded guilty to Wire Fraud, a Class C felony, in violation of 18 U.S.C. § 1343, as charged in Count One of an Indictment returned against him in Criminal Action No. 5:08-cr-00132 in the Southern District of West Virginia. [ECFs 8 at ¶ 8, 12 at 2]. He was sentenced on April 30, 2009, to 24 months of incarceration, followed by three years of supervised release. [ECF 12 at 3]. He was later convicted of certain fraud charges in McDowell and Wyoming Counties and "sentenced to 1 to 10 years to run concurrent with his federal

sentence." [ECF 8 at ¶ 10]. Mr. Jackson was released from custody on January 11, 2011, and reportedly completed his supervised release term "without incident." [*Id.* at ¶ 11].

On January 29, 2025, Mr. Jackson instituted this action against the United States of America. [ECF 1]. He then twice amended his Complaint, first on February 4, 2025 [ECF 4], and again, with leave of Court, on February 18, 2025 [ECF 8]. In his Second Amended Complaint, Mr. Jackson challenges the constitutionality of 18 U.S.C. § 922(g), both in general and as applied to him, asserting it prohibits persons who were convicted of crimes punishable by imprisonment for a term exceeding one year -- such as Mr. Jackson -- from shipping, transporting, or receiving any firearm or ammunition through interstate or foreign commerce. [*Id.* at ¶¶ 14–21]. He, therefore, seeks declaratory and injunctive relief "to restore [his] Second Amendment rights." [*Id.* at 1].

On May 16, 2025, the Government filed its Motion to Dismiss, pursuant to *Federal Rule of Civil Procedure* 12(b)(1) and (b)(6), or alternatively, to grant summary judgment in the Government's favor under Rule 56. [ECF 11]. Inasmuch as it is clear from the face of the Second Amended Complaint that the Court has jurisdiction, and the Government provides no argument otherwise, the Government's Motion is **DENIED IN PART** as to dismissal under Rule 12(b)(1).

II.

A.    *Rule 12(b)(6) Motion to Dismiss*

Rule 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The required

2

"short and plain statement" under Rule 8 must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). A showing of an "entitlement to relief" requires "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to *prove* the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted) (emphasis added); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Twombly*, 550 U.S. at 555 (stating that the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. A court considering a Rule 12(b)(6) motion to dismiss must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555-56); *see also S.C. Dep't of Health & Env't Control v.*

*Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (citing *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**III.**

The Government contends 18 U.S.C. § 922(g)(1) is constitutional as applied to Mr. Jackson or any other felon. Further, the Government contends felons do not qualify as "law-abiding responsible citizen[s]" whose rights are protected by the Second Amendment. [ECF 12 (quoting *United States v. Hunt*, 123 F.4th 697, 704 (4th Cir. 2024)]. Mr. Jackson responds individuals convicted of nonviolent felonies should still receive Second Amendment protections. [ECF 14 ¶ 2]. Mr. Jackson contends his lack of violent convictions makes 18 U.S.C. § 922(g)(1) unconstitutional as applied to him and requests declaratory and injunctive relief [ECF 4 ¶¶ 17–21].[1]

For over a century, the Supreme Court has "described the right protected by the Second Amendment as 'bearing arms for a *lawful* purpose.'" *D.C. v. Heller*, 554 U.S. 570 (2008) (quoting *United States v. Cruikshank*, 92 U.S. 542, 553 (1875)) (emphasis added). The Second Amendment right "to keep arms for self-defense" is without question "one of the fundamental

---

[1] Mr. Jackson further contends § 922(g)(1) violates his due process and equal protection rights. [*See* ECF 14 ¶¶ 5–6]. Inasmuch as Mr. Jackson failed to allege these claims in his complaint, they are not addressed. *See McGraw v. Gore*, 31 F.4th 844, 853 (4th Cir. 2022) ("The district court did not address this issue, perhaps because it was unnecessary to its holding or perhaps because it was raised for the first time in Wargas's reply brief on the motion to dismiss.") (citing *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995)).

rights" protected by the Constitution. *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 768 (2010) (quoting *Washington v. Glucksberg,* 521 U.S. 702, 721 (1997)). However, "like most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626. The *Heller* opinion explained:

> [N]othing in our opinion should be taken to cast doubt on *longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

554 U.S. at 626–27 (emphasis added). *See also McDonald*, 561 U.S. at 787 (quoting *Heller*, 554 U.S. at 626) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill'").

"When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 24 (2022). Once it is determined regulated conduct is covered by the Second Amendment the Government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. A court need not find "regulations identical to ones that could be found [at the founding era]." *United States v. Rahimi*, 602 U.S. 680, 692 (2024). "The law must comport with the principles underlying the Second Amendment, but it need not be a 'dead ringer' or a 'historical twin.'" *Id*. (quoting *Bruen*, 597 U.S. at 30).

"[T]here is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."[2] *United States v. Hunt*, 123 F.4th 697, 708 (4th Cir. 2024), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025) (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024), *cert. denied,* No. 24-6517, 2025 WL 1426707 (U.S. May 19, 2025)). While

---

[2] Our Court of Appeals previously foreclosed facial challenges to § 922(g)(1) in *United States v. Canada*. 123 F.4th 159 (4th Cir. 2024).

it has not provided an exhaustive list, the Supreme Court has repeatedly emphasized "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful." *Heller*, 554 U.S. at 626, 627 n. 26; *see also McDonald*, 561 U.S. at 786; *Rahimi*, 602 U.S. at 699 ("*Heller* never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by felons and the mentally ill, are presumptively lawful.")

Our Court of Appeals has interpreted Supreme Court precedent to provide "that the 'pre-existing right' 'codified' in the Second Amendment protects firearms possession by the law-abiding, not by felons." *Hunt*, 123 F.4th at 705 (quoting *Heller*, 554 U.S. at 592). It follows that 18 U.S.C. § 922(g)(1) "'regulates activity'—that is, the possession of firearms by felons—that 'fall[s] outside the scope of the [Second Amendment] right as originally understood.'" *Id.* at 705 (quoting *Bruen*, 597 U.S. at 18). "[T]he historical record contains ample support for the categorical disarmament of people who have demonstrated disrespect for legal norms of society . . . not merely to address a person's demonstrated propensity for violence." *Id*. at 706, 707; *see also Jackson*, 110 F.4th at 1126 ("In the era of the Revolutionary War, the Continental Congress, Massachusetts, Virginia, Pennsylvania, Rhode Island, North Carolina, and New Jersey prohibited possession of firearms by people who refused to declare an oath of loyalty."). Simply put, inasmuch as § 922(g)(1) regulates activity that falls outside of the Second Amendment's protection "there is no need for felony-by-felony litigation regarding [its] constitutionality." *Id*. at 708.

In his response, Mr. Jackson relies upon a "Third Circuit[] decision . . . [which] recognized that individuals convicted of nonviolent felonies *may* still be within the scope of the Second Amendment." [ECF 13 at ¶ 2 (quoting *Binderup v. Attorney Gen. U.S.*, 836 F.3d 336 (3d Cir. 2016) (*en banc*) (emphasis added))]. The nonbinding case merely leaves open the *possibility*

that § 922(g)(1) *could* be found unconstitutional as applied. Furthermore, and more fatal to his claim, Mr. Jackson disregards binding precedent from our Court of Appeals which explicitly forecloses his argument. He neglects to cite *Hunt* a single time in his reply. Consequently, he has provided no reason why the Court should distinguish *Hunt* from the instant case.

Section 922(g)(1) regulates conduct that is presumptively unlawful and, accordingly, is not protected by the Second Amendment. The Court thus need not here undertake a "felony-by-felony" determination. Mr. Jackson, as a convicted felon, is not a law-abiding citizen for the purposes of the Second Amendment. He has thus failed to state a claim under the Second Amendment for which relief may be granted and his complaint must be dismissed pursuant to Rule 12(b)(6). The Motion for Summary Judgement is **DENIED AS MOOT**.

### IV.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for failure to state a claim [**ECF 11**] and **DISMISSES** Mr. Jackson's Amended Complaint [**ECF 4**].

The Clerk is **DIRECTED** to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: July 21, 2025

Frank W. Volk
Chief United States District Judge